UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAQUEL LANIADO,<br><br>                    Plaintiffs,<br><br>-against-<br><br><br><br>RTR FINANCIAL SERVICES, INC.,<br><br>                    Defendants. | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff RAQUEL LANIADO (hereinafter, "Plaintiff"), a New York resident, brings this complaint by and through her attorneys, Marcus Law, LLC, against Defendant RTR FINANCIAL SERVICES, INC. (hereinafter "Defendant"), individually based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this action on behalf of himself seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendants actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

1

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a resident of the State of New York.

7. Plaintiff is a "consumer" as defined under the FDCPA, 15 USC § 1692a(3).

8. Defendant is a debt collector with its principal office located at 2 Teleport Drive, Staten Island, New York 103011.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

11. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "10" herein with the same force and effect as if the same were set forth at length herein.

12. Prior to May 15, 2015, the Plaintiff started received telephone calls from the Defendant with the phone number of 718-375-2548.

13. The Defendant left a pre-recorded voicemail stating that they were calling regarding a debt.

14. On or about May 15, 2015, after receiving another telephone call from the Defendant, the Plaintiff called the Defendant back.

15. Upon information and belief, this was the first communication between the Defendant and the Plaintiff.

16. During the phone call, the Defendant advised the Plaintiff that the only way she could dispute this alleged debt was to contact her insurance company and dispute it with them.

17. The Defendant further advised the Plaintiff that if she did not pay the alleged debt, that same would be forwarded to another "department".

18. When the Plaintiff inquired as to what the meaning was behind this statement, the Defendant refused to answer her question.

19. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e** *et seq.*

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated section 15 USC § 1692e by using false, deceptive, and misleading representation or means in connection with the collection of the debt.

22. The Defendant violated said section by not accepting the Plaintiff's dispute over the telephone.

23. The Defendant further violated said section by falsely stating that the Plaintiff can only dispute the debt the original creditor or insurance company.

24. The Defendant further violated said section by falsely implying that should the Plaintiff fail to pay the alleged debt, that same will be transferred to another "department", which

could and would indicate to the least sophisticated consumer a legal department.

25. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself, all others similarly situated, and the general public, prays for judgment against the Defendant as follows, ON ALL CAUSES OF ACTION:

26. A declaration that the Defendant's practices violated the FDCPA;

27. For actual and statutory damages provided and pursuant to:

- 15 U.S.C. § 1692k(a)(1);

- 15 U.S.C. § 1692(2)(A);

28. For attorneys' fees and costs provided and pursuant to 15 U.S.C. § 1692(a)(3);

29. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: July 7, 2015
*s/ Ari H. Marcus ,Esq.*
Ari Marcus, Esq.
MARCUS LAW, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Telephone: (732) 660-8169
Facsimile: (732) 298-6256
Ari@MarcusLawNJ.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action so triable.

Dated: July 7, 2015 　　　　　　　　　　*s/ Ari H. Marcus ,Esq.*_____
　　　　　　　　　　　　　　　　　　　　Ari Marcus, Esq.
　　　　　　　　　　　　　　　　　　　　MARCUS LAW, LLC
　　　　　　　　　　　　　　　　　　　　1500 Allaire Avenue, Suite 101
　　　　　　　　　　　　　　　　　　　　Ocean, New Jersey 07712
　　　　　　　　　　　　　　　　　　　　Telephone: (732) 660-8169
　　　　　　　　　　　　　　　　　　　　Facsimile: (732) 298-6256
　　　　　　　　　　　　　　　　　　　　Ari@MarcusLawNJ.com
　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: July 7, 2015　　　　　　　　　　*/s/ Ari H. Marcus, Esq.*
　　　　　　　　　　　　　　　　　　　　Ari Marcus, Esq.